# PURPURA & PURPURA
## ATTORNEYS AT LAW

**William B. Purpura***
wpurpura@purpuralaw.com
* Admitted in MD, CA &
  US District Ct., DC

**Christopher J. Purpura**
cpurpura@purpuralaw.com

THE BONAPARTE BUILDING
8 E. MULBERRY STREET
BALTIMORE, MARYLAND 21202
PHONE: 410-727-8550
FAX: 410-576-9351

Of Counsel

**Marta K. Kahn***
mkkahn@yahoo.com
*Admitted in MD & VA

May 24, 2021

The Honorable Richard D. Bennett
United States District Judge
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

   Re: <u>United States v. Jaquan Day</u>
      Criminal No. RDB-19-506

Dear Judge Bennett:

  On Thursday, May 27, 2021 Mr. Day will appear before Your Honor for sentencing. Pursuant to his Plea Agreement the government and Mr. Day have entered an 11(c)(1)(C) plea with a sentencing range of 108 months to 135 months. At time of sentencing counsel and Mr. Day will respectfully request that this Court impose a sentence of 108 months (9 years). This substantial sentence of 108 months is sufficient but not greater than necessary.

<u>The Nature and Circumstances of the Offense</u>

  Mr. Day and six other co-defendants on April 25, 2019 decided to rob a drug dealer in Cecil County of his product and money. During the robbery marijuana, suboxone and a small amount of money was taken. Mr. Day and one other individual were armed. Mr. Day assisted in restraining Victim 1. When Victim 2 came to the aid of Victim 1 Mr. Day kicked Victim 2 in the abdomen. Mr. Day has admitted his participation in the robbery. He has accepted responsibility for his actions by entering a guilty plea and agreeing with the Statement of Facts in support of the agreement. He acknowledges the abhorrent conduct of kicking a pregnant woman.

1

The History and Characteristics of Jaquan Day

Mr. Day, age 21, was born and raised in Baltimore. Prior to his arrest he had no fixed address and had been living between friends' homes and hotels. He lived with his mother until age 14. He left home when he could no longer watch his mother be abused by the men she lived with. He has had no contact with his father. His adult record consists of a car theft in Baltimore City and a Disorderly Conduct conviction in Harford County. His Juvenile Services record revealed 3 juvenile complaints that were either resolved at intake or dismissed.

As a juvenile he was diagnosed with Bipolar Depression Disorder, Attention Deficit Hyperactivity Disorder, and Impulsive Control Disorder. He has been treated for these mental health issues at Mercy Hospital, Franklin Square Hospital and John Hopkins Children's Hospital all prior to the age of 13. When he left home, he stopped his treatment and taking the prescribed medications. He began to self-medicate with Opiates and Percocet daily.

He was ordered detained on May 6, 2020. Initially he was housed at CDF. During the COVID outbreak he had limited movement and access to appropriate medical and mental health services. Eventually, to stop the flow of COVID at the facility he and approximately 20 others were moved to Howard County Detention Center. He remained there for a short period of time and was then transferred to Northern Neck Regional Jail. Mr. Day perceived numerous threats to his safety by inmates and jail personal at this facility. The perception may in fact be reality or it may be a product of his mental health issues. In his initial 53 days at that facility, he had 24 recorded incidents, culminating in an attempted suicide on April 14, 2021 (Ex.1). Captain Luna in response to an inquiry by DUSM Melissa concerning alleged beatings, stated the following: "Inmate Day has not been beaten he has been involved in incidents this week where force had to be used to gain compliance." Recently, based on a request by counsel and with the aid of the USM, Northern Neck has housed Mr. Day in protective custody, within a single cell.

The need for the sentence imposed…

A sentence of 108 months (9 years) is a substantial sentence, for a young man who has a minor criminal record despite all his mental health issues. With the services that the BOP can

2

provide to this young man coupled with conditions of supervised release to monitor his treatment and conduct, the sentence affords adequate deterrence and protects the public.

**<u>Conclusion</u>**

Based upon the totality of the mitigating factors, a guideline sentence of 108 months is appropriate, it is a sentence sufficient but not greater than necessary.  This sentence would be a sufficient punishment, while protecting society from the defendant. It would take into consideration his mental health issues, his young age, his prior minor record and the difficult COVID pretrial detention conditions. More importantly, I believe that it would give this young man hope that someone in authority believed in him and perhaps some light at the end of a long tunnel.

Respectfully,

/s/

William B. Purpura

3